RONALD LEE GILMAN, Circuit Judge,
with whom MARTHA CRAIG DAUGHTREY, Circuit Judge, joins, concurring in the judgment.
I concur in the result reached by the majority opinion because I believe that the government officials in this case are entitled to qualified immunity. The majority’s discussion of this issue in Part II.B. strikes me as persuasive. I do not believe that the Supreme Court’s decision in Groh v. Ramirez, 540 U.S. 551, 553, 557, 124 S.Ct. 1284, 157 L.Ed.2d 1068 (2004), which was decided three years after the search in question, retroactively caused the Fourth Amendment violation to be clearly established at the time of the search. This is especially so in light of the then-existing Sixth Circuit precedent to the contrary.
But I agree with Part II.A. of Judge Clay’s dissent, which explains why Baran-ski’s Fourth Amendment rights were violated. The language and policy reasons set forth in Groh indicate that if a warrant fails to list the items to be seized, it is defective unless a list of those items is explicitly incorporated into an affidavit that is present at the scene of the search. Although the Supreme Court has never addressed the question of whether officers are required to present a search warrant to the subject of a search upon request, a warrant’s particularity requirement is based on the text of the Constitution and therefore must be complied with even if the subject never views the warrant. In this case, I believe that the search warrant as executed was not sufficiently particular. I therefore concur only in the result reached by the majority.